AMY, J.,
concurring in the result.
I agree with the majority that an affirmation is warranted. However, I write *382 separately as I find that this ease is resolved by a bare application of the prior panel’s now-final ruling in Murphy Cormier General Contractor, Inc. v. State, Dep’t of Health and Hospitals, 12-1000 (La.App. 3 Cir. 5/22/13), 114 So.3d 567, writ denied, 13-1491 (La.11/1/13), 125 So.3d 430. Simply, the panel in that prior appeal found the ten-year, contractual prescriptive period applicable. Id. In my opinion, that characterization of the claim as one based in contract places this matter within the waiver of sovereign immunity described by La. Const, art. 12, § 10(A) (providing that “Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.”) (emphasis added). As contractual claims are included within the explicit waiver of sovereign immunity contained in Article 12, I find no merit in the State’s contention that the supreme court’s decision in Canal/Claiborne, Ltd. v. Stonehedge Dev., LLC, 14-664 (La.12/9/14), 156 So.3d 627, indicates that the trial court was without subject matter jurisdiction in this case.
Accordingly, for the above, limited reason, I join in the result reached by the majority.